Filed 8/31/16  P. v. Prado CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN PRADO,<br><br>        Defendant and Appellant. | A147565<br><br>(Napa County<br>Super. Ct. No. CR177466) |

Defendant Juan Prado appeals from the judgment entered after his no contest plea to felony assault by means of force likely to produce great bodily injury and his admission of a gang enhancement.  Defendant's counsel has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues for review.  Defendant has also been informed of his right to file supplemental briefing, and he has not done so.  After our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

BACKGROUND

A felony complaint was filed on October 13, 2015, charging defendant with nine felony offenses that allegedly occurred on or about October 11, 2015,[1] as well as special

_____

[1] The complaint alleges that the crimes occurred on or about October 10, 2015. The probation report describes the events as occurring on October 11.  The charges included assault with force likely to produce great bodily injury (Pen. Code, § 245, subd.

gang enhancements (Pen. Code, § 186.22, subd. (b)(1)(A)),[2] great bodily injury enhancements (§ 12022.7, subd. (a)), and use of a firearm by a principal (§ 12022.53, subd. (b)). Three other defendants were charged in the felony complaint; these matters are not now before us.

On November 17, 2015, defendant changed his not guilty plea pursuant to a plea agreement with the district attorney's office. Defendant pleaded no contest to count 1, which charged that on or about October 10, 2015, he committed the felony of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)); and he admitted the special gang enhancement (§ 186.22, subd. (b)(1)(A)). He also admitted that he had violated his probation in Napa County Case No. CR175075, an unrelated case.

Defendant entered into the plea agreement with the understanding that he would receive a state prison sentence of six years, that the other counts of the felony complaint would be dismissed, that his probation in Napa County Case No. CR175075 would be terminated, and he would be sentenced in that case to concurrent time.

Before changing his plea, defendant and his counsel signed a written change of plea form, filed November 17, 2015. The plea form advised defendant of his rights, the rights he was giving up, and the consequences of his plea. The trial court accepted the change of plea after finding that defendant had knowingly, voluntarily and intelligently waived his constitutional rights; that his plea and admissions were freely, voluntarily, knowingly and intelligently made; that he understood the nature of the charges and consequences of the pleas and admissions; and that there was a factual basis for the plea. Defense counsel stipulated that the police report provided the factual basis for his plea.

A Napa County Criminal Justice System Arrest/Detention/Complaint Form briefly describes the incident: "[Defendant] is a documented Norteno gang member who is on

---

(a)(4)); three counts of assault with a firearm (Pen. Code, § 245, subd. (a)(2)); two counts of criminal threats (Pen. Code, § 422); dissuading a witness from reporting a crime (Pen. Code, § 136.1, subd. (b)(1)); second degree robbery (Pen. Code, § 211) and street terrorism (Pen. Code, § 186.22, subd. (a)).

[2] All statutory references are to the Penal Code.

active probation with gang and search terms. He and 4 other documented Norteno gang members were involved in a fight with former Sureno gang members, in where gang slurs were yelled by subjects with Prado. During the fight, Prado brandished a gun at the victim, threatened to shoot the victim while pointing the gun at them, and robbed the victim of his cell phone. The other Norteno gang members with Prado assaulted a second victim and all fled the area. Prado was identified by the victim and witnesses."

The probation officer's report, which is based on a Napa Police Department report, summarizes the offense in more detail. One male victim (Jose Rivera, named in count 1 to which defendant pled no contest) requested medical assistance due to injury to his face and eye, and was taken by ambulance to the hospital. Rivera said he had been "pistol-whipped" and punched in the head. At the hospital, he received a CAT scan and painkillers. Rivera suffered a slight concussion and had swelling to the area around his right eye.

Defendant was sentenced on December 29, 2015, in accordance with the terms of the plea agreement. The trial court imposed an aggregate state prison sentence of six years, calculated as follows: for count 1, the middle term of three years (§ 245, subd. (a)(4)), plus a three-year consecutive term for the gang enhancement (§ 186.22, subd. (b)(1)(A)). Defendant was ordered to register as a gang offender (§ 186.30). The court imposed fines, fees and assessments, and suspended imposition of a $300 parole revocation restitution fine (§ 1202.45). The trial judge awarded custody credits (68 days) and conduct credits (68 days) for a total of 136 days of presentence credit.[3]

The trial court ordered defendant to pay restitution to Rivera, one of the victims, in the amount of $7,327.00. This was consistent with the recommendation in the probation office's written report, which reported the following under the heading "Victim's

---

[3] At the sentencing hearing for the matter before us, the trial court also sentenced defendant to credit for time served in the unrelated Napa County Case No. CR 175075. The trial court revoked and terminated probation in that case, and sentenced defendant to "the custody of the Director of Napa County Department of Corrections for . . . 168 days, with 84 actual days, 84 conduct credits. And this is concurrent. You're not serving additional time in this case. This case is now finished."

3

Statement": "On November 30, 2015, the undersigned received a Victim Impact Statement from [Rivera]. [Rivera] discussed his family being concerned about his well being and afraid of something else occurring to him or other family members. [Rivera] said he still has headaches, vision problems, and difficulty sleeping. He is unable to receive follow up medical care due to the cost. [¶] On December 2, 2015, [Rivera] . . . reported to the Probation Department to provide a Victim Impact Statement. . . . [Rivera] said he suffered injury to his head area and also a concussion as a result of the assault by defendants. [Rivera] said he currently has approximately $6,991.99 in medical expenses, along with $120.00 worth of damage to his cracked iPhone 6 screen and $120 worth of damage to a pair of earrings he was wearing during the assault. [Rivera] said he missed two days of work at $96.00 a day for a total of $192.00 lost wages, and eventually lost the job. Restitution is requested by [Rivera] in the amount of $7,327.00 . . . ."[4]

At the hearing, defense counsel noted that the "body of the report" sought $6,991.99 in medical expenses, but that the completed victim impact statement form dated November 24, 2015 (and described above as received by the probation office on November 30) showed that "it looks like [Rivera] had maybe $2500 in medical expenses." On that basis, defendant objected to "any restitution over $2,775.91, which was [Rivera's] itemized worksheet in the back of my sentencing report, and request the Court reserve jurisdiction."

The trial court observed that it might be that the lower dollar number was the victim's out of pocket expenses, and the amount requested in the probation report itself was the actual expenses. The court stated, "I'm more inclined to go with the amount that was set forth in the report. It seems a reasonable amount for all that was done. The CAT scan and the like."

The district attorney asked that the court impose the $7,327 as requested by the probation office, nothing that defendant was jointly and severally liable for restitution

---

[4] In the Victim Impact Statement attached to the probation office report, Rivera also reported that as of November 24, 2015, more than a month after the assault, he still had "bad headaches" and "see[s] broken tissue in my right eye."

4

with any other codefendant, and that defendant was also liable for restitution even for amounts covered by the victim's insurance. The district attorney volunteered, however, that the matter could be set for hearing because defendant "certainly is entitled to have it laid out completely. If you want, we can set that now, or if you want to wait and set it at a later point, that's fine, too." Defense counsel then asked the court for a "moment," suggesting that he was going to consult with his client, to which the court agreed. Defense counsel then continued, "We'll reserve that opportunity. So for purposes of today's hearing, I do object to the amount. I don't think it is spelled out that it is how it was incurred, or it was other than the claim. And we can calendar it for the restitution, and perhaps merely securing additional documents to obviate the need for it . . . ."

In imposing restitution of $7,327, the trial court stated, "You've heard your attorney has objected to the amount. That may still be disputed. You can have a restitution hearing if you request it." The record does not indicate that a further restitution hearing was ever requested in this case.

Defendant filed a notice of appeal from the judgment and sentence imposed on December 29, stating that "[t]he appeal complains of imposition of a restitution order not substantiated by the sentencing report in excess of statutory remuneration to victims of crime."

## REVIEW

We have reviewed the entire record as required by *People v. Wende*, *supra*, 25 Cal.3d 436.

Defendant was at all times represented by competent counsel who ably protected his interests.

Defendant was advised of, understood, and waived his rights under *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. The court ascertained that defendant understood the rights he was waiving and the consequences of his plea. The record provides a factual basis for the plea.

Article I, section 28, subdivision (b)(13)(A)-(C), of the California Constitution provides victims the right to restitution from criminal defendants. Section 1202.4,

5

subdivision (f), which implements that constitutional right, "requires the trial court to order the defendant to pay restitution to the victim 'in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.' 'The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution . . . .' (§ 1202.4, subd. (f)(1).)" (*People v. Smith* (2011) 198 Cal.App.4th 415, 431.)

"Generally speaking, restitution awards are vested in the trial court's discretion and will be disturbed on appeal only when the appellant has shown an abuse of discretion. [Citation.] . . . ' "While it is not required to make an order in keeping with the exact amount of loss, the trial court must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious." ' [Citation.] ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' [Citation.]" (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1320.)

The sentence imposed, including the restitution order, was lawful. The fines, fees and assessments appear to have been authorized by statute.

We have reviewed the credits calculations and discern no issues on which we require further briefing.

DISPOSITION

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436. The judgment is affirmed.

_____
Miller, J.

We concur:


_____
Kline, P.J.


_____
Stewart, J.


A147565, *People v. Prado*

7